UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DECHAUN SMITH,

    Plaintiff,

v.

U.S. MARSHALS,

    Defendant.

Case No. 24-10189
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]**

DeChaun Smith filed this *pro se* suit claiming an unnamed United States Marshal "forced [him] to walk up and down the stairs in the [Bay City federal] courthouse and post office with handcuffs and shackles on then push[ed] [him] down the stairs . . . squatted over [his] face and pass[ed] gas in [his] face." (ECF No. 1, PageID.3.) Smith alleges the assault occurred on March 18, 2019 (*id.*), and that he suffered injuries that left him disabled (*id.* at PageID.4 ("Because of what this Marshal did to me, my bone in my left arm was broken. I still have bad pains in my arm, neck, head, back, [and] leg. In 2023 I was found to be physically and mentally disabled by a Judge. I receive SSI now.")).

The United States Marshals Service moved to dismiss Smith's complaint, arguing that the two-year statute of limitations imposed by the Federal Tort Claims Act had long since expired. (ECF No. 13.) In response, Smith argued he was not raising tort claims, but rather alleging "a crime of attempted murder and sexual

assault." (ECF No. 15, PageID.67.) The motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f). Smith makes no attempt to refute the time-bar under the FTCA and cannot bring criminal claims against the USMS. Thus, the motion to dismiss is GRANTED.

## I.

In deciding a motion to dismiss, the Court "construes the complaint in the light most favorable" to Smith and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Although the statute of limitations is an affirmative defense," courts will grant dismissal under Rule 12(b)(6) if the "allegations in the complaint affirmatively show that the claim is time-barred." *United States v. Quicken Loans Inc.*, 239 F. Supp. 3d 1014, 1022 (E.D. Mich. 2017) (quoting *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016)).

A *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id.*; *see Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

2

## II.

The Court begins with the nature of Smith's suit. At the time of filing, Smith indicated this was a tort case on the cover sheet of his complaint. (ECF No. 1, PageID.6.) His position now, that he "never filed a tort claim" but instead "filed a complaint of a crime of attempted murder and sexual assault" (ECF No. 15, PageID.67), does not save the case from dismissal.

Private citizens generally cannot enforce criminal statutes. *Nails v. King*, No. 15-13218, 2015 WL 5590742, at *2 (E.D. Mich. Sept. 23, 2015) ("Courts universally endorse the principle that private citizens cannot prosecute criminal actions." (citations omitted)). They can inform law enforcement of the alleged occurrence of a criminal offense, for a prosecutor to consider bringing a criminal case in the name of the government, but they cannot "file[] a complaint of a crime" with a court. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that criminal statutes generally do not confer a private cause of action in a civil case). Instead, to bring suit oneself, a private citizen can turn to tort law. Relevant here, criminal assault has a civil counterpart—the tort of assault. Thus, because Smith cannot bring a criminal suit alleging assault (or attempted murder), the Court will treat Smith's claims as tort claims.

And because Smith's claims are brought against a United States agency and/or employee,[1] they fall under the Federal Tort Claims Act—"the exclusive remedy for

---

[1] It is not clear from Smith's complaint whether he intends to sue the U.S. Marshals Service as an agency or an individual unnamed Marshal. But both lead to the same result. If he intends to sue the USMS as an agency, the FTCA plainly

3

suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011) (citing 28 U.S.C. § 2679(a)). The United States, as the sovereign, is generally immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Such immunity also "extends to agencies of the United States." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013)). But the government can waive its immunity by statute. The FTCA is once such statute. It operates as a limited waiver of the government's sovereign immunity for certain tort claims. *See Allen v. United States*, 83 F.4th 564, 567 (6th Cir. 2023). Relevant here, it waives the government's immunity for the intentional torts of federal law enforcement officers, like Marshals. *See* 28 U.S.C. § 2680(h). This means that USMS can, in general, be sued for a Marshal's assault and battery under the Act.

But as "a condition of th[is] waiver" of sovereign immunity, Congress has imposed a statute of limitations for FTCA claims. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). The FTCA states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This limitation "must be strictly construed." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004); *see also Lehman v. Nakshian*, 453 U.S. 156, 160–61 (1981) ("[T]his

---

applies. If he intends to sue the individual Marshal, the FTCA still applies because the United States would be substituted as the party defendant. *Laible v. Lanter*, 91 F.4th 438, 441 (6th Cir. 2024) (citing 28 U.S.C. § 2679) (explaining that the Westfall Act immunizes federal employees from personal liability for torts committed within the scope of their employment by substituting the United States government as the defendant in the individual's place).

4

Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." (internal quotation marks omitted)).

Under the FTCA, "the general rule [is] that accrual occurs upon injury," meaning the statute of limitations begins to run at the time the injury occurred. *Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009). More specifically, "a claim accrues when a plaintiff possesses enough information with respect to h[is] injury that, had [he] sought out independent legal and expert advice at that point, [he] should have been able to determine in the two-year period whether to file an administrative claim." *Id.* at 618 (internal quotation marks omitted).

In some highly technical cases, such as medical malpractice cases where "the plaintiff has little reason to suspect anything other than natural causes for his injury," accrual may occur after the injury. *Id.* at 619; *see also Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985) (holding that plaintiff's mere knowledge that her spouse died of cancer did not trigger accrual of claim for VA malpractice); *Diaz v. United States*, 165 F.3d 1337, 1341 (11th Cir. 1999) (holding that plaintiff's knowledge of spouse's suicide, "without any indication of medical treatment beforehand," did not trigger accrual of malpractice claim).

But this is not one of those highly technical cases. Smith immediately knew *of* his injury and knew the *cause* of his injury. So the general rule applies, and accrual occurred when his injury did—March 18, 2019.

Thus, for his claim to be timely, Smith would have needed to present it to USMS by March 18, 2021. He did not. Smith first sent his administrative claim to USMS on July 10, 2023. (ECF No. 13-2, PageID.55.)[2] And he makes no argument that the statute of limitations was tolled at any point. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) ("The party seeking equitable tolling bears the burden of proving he is entitled to it."). So Smith's claims are time barred.

### III.

Smith's surreply does not alter this conclusion. For one, Smith did not seek, let alone obtain, leave to file a surreply. *See Carrum Techs. v. FCA*, No. 21-51620, 2024 U.S. Dist. LEXIS 22288, at *11 (E.D. Mich. Jan. 3, 2024) ("Parties do not have a right to file a surreply brief under the federal procedural rules or the local rules. Thus, parties must first seek leave to file a sur-reply." (citation and internal quotation marks omitted)); *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 548–49 (6th Cir. 2014) (explaining that courts have discretion to grant or deny a request to file a surreply). And for another, Smith's surreply simply contains medical records and

---

[2] In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999). A court is entitled to consider such matters without converting the motion to one for summary judgment. *Saad v. Wayne Cnty. Reg. of Deeds*, No. 11-15590, 2013 U.S. Dist. LEXIS 95218, at *8–9 (E.D. Mich. July 9, 2013); *see also Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

6

emails from Smith about his injuries. (*See* ECF No. 17.) None of this changes the fact that his claims are time barred.

## IV.

Accordingly, the Court DISMISSES WITH PREJUDICE Smith's complaint (ECF No. 1) because it is barred by the statute of limitations.

IT IS SO ORDERED.

Dated: October 29, 2024

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE